Thomas C. Horne, Esq. SBA 002951
**HORNE SLATON, PLLC**
6720 North Scottsdale Road, Suite 285
Scottsdale, AZ 85253
Tel: (480) 483-2178
Fax: (480) 367-0691
horne@horneslaton.com
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **EDWARD LEWIS BROWN**, | **NO.** |
| Plaintiff, | **COMPLAINT** |
| vs. | **(Civil Rights Violation, Including Violation of 42 U.S.C. §1983)** |
| **MARICOPA COUNTY**, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.     All parties are residents of or located in this district. Jurisdiction and venue are proper in this district.

2.     This action arises under the Constitution of the United States, Amendments 4, 8, and 14.

3.     This Court has jurisdiction under 42 U.S.C. §1983.

4.      Venue is proper in this district under 28 U.S.C. §1391(B).

**FACTS**

5.      On August 5, 2018, Phoenix Police Officer Silvia shot the Plaintiff in the back. Plaintiff was unarmed and was running from Defendant Silvia and posed no threat to him or others.

6.      The bullet shot by Officer Silvia was a hollow tip bullet which shattered and destroyed Plaintiff's spine at the T7-T8 level. Plaintiff was rendered a paraplegic as a result.

7.      Plaintiff has no movement or feeling from the mid-chest down. He has no control over bladder or bowels.

8.      After receiving treatment at St. Joseph's Hospital, Mr. Brown was arrested and placed in the County jail on September 21, 2018. He was placed in a cell in his wheelchair and left there. His catheterization equipment was taken from him, so he was soaked in his own urine, and defecated on himself. He could not move from the wheelchair to the bed without help. He did not receive that help. Extensive sitting in the wheelchair causes sores, and can cause blood clots, which can be dangerous.

9.      Mr. Brown was placed in the jail infirmary for a period of time. He was then placed in the general high-security population where he was subject to mistreatment because of being a paraplegic. He was denied the pain medicine he needed. He was in such pain for such a prolonged period of time that when his attorney saw him in court he had changed from a highly articulate individual to the equivalent of a zombie in such a haze that he barely understood what was going on around him.

## COUNT ONE

### (42 U.S.C. §1983)

10.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

11.     Plaintiff's treatment in jail violated his right against unreasonable seizure under the Constitution of the United States, Amendment 4.

12.     Maricopa County was acting under the color of State law as a municipal prison when it mistreated Plaintiff.

13.     Plaintiff's deprivation of sanitary living conditions and pain relief violated prohibition against cruel and unusual punishment under the Constitution of the United States, Amendment 8.

14.     The intentional removal of Plaintiff's catheter establishes a culpable state of mind, which violated prohibition against cruel and unusual punishment under the Constitution of the United States, Amendment 8.

15.     The intentional withholding of pain medication and as a result plaintiff was in severe, unnecessary pain. This satisfies the requisite culpable state and deprivation to demonstrate cruel and unusual punishment.

16.     Maricopa County is responsible for violating Plaintiff's civil rights under 42 U.S.C. §1983.

## COUNT TWO

### (Violation of Disability Statutes)

3

17.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

18.     The intentional denial to help Plaintiff move himself violated the Americans with Disabilities Act, 28 C.F.R. §§ 35.101 et seq., 36.101 et seq.

19.     The intentional denial to help Plaintiff move himself in a place of public accommodation violated the Arizonans with Disabilities Act, R10-3-401 et seq.

Therefore, Plaintiff prays for damages against Defendant for reasonable damages, for attorneys' fees, for costs incurred, and for such other and further relief as the Court deems proper.

**DATED** December 5, 2018.

HORNE SLATON, PLLC

By:   */s/ Thomas C. Horne*
        Thomas C. Horne, Esq.
        *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demand a jury trial.

**DATED** December 5, 2018.

HORNE SLATON, PLLC

By:   */s/ Thomas C. Horne*
        Thomas C. Horne, Esq.
        *Attorneys for Plaintiff*

4